DELIVERY SERVICE AND TRANSFER COMPANY, a Utah Corporation, Plaintiff, Respondent and Cross-Appellant,

v.

HEINER EQUIPMENT & SUPPLY COMPANY, a Utah corporation, Defendant, Appellant and Cross-Respondent.

No. 17172.

Supreme Court of Utah.

July 16, 1981.

Leonard W. Burningham, Salt Lake City, for appellant.

David E. West, Salt Lake City, for respondent.

PER CURIAM:

Plaintiff appeals from a judgment in its favor, granting specific performance against defendant. Although defendant had originally appealed this matter such appeal was subsequently withdrawn at defendant's request. The sole remaining issue is the propriety of a judgment for specific performance when a money judgment was prayed.

Plaintiff, the owner of a crane, took the transmission of that crane to defendant for repair. The transmission was allegedly not properly repaired and upon trial to the court, the court entered its finding, to wit:

> 5. The Court finds from the evidence presented that the transmission was not overhauled in a workmanlike manner; that it was not repaired properly; that the work was warranted by the Defendant; and that *Plaintiff received no benefit from the amount that it paid to Defendant.* [Emphasis added]

Upon that finding, the court ordered defendant to repair the crane transmission within 15 days and in the event it failed to do so, plaintiff was to have the transmission repaired elsewhere and defendant would be charged with the cost thereof.

Plaintiff takes issue with the court's judgment insofar as it orders specific performance. It is to be noted that plaintiff's prayer was only for the return of that money already paid for which it received "no benefit" and plaintiff correctly points out that specific performance is a remedy which is normally only granted when damages may not accurately be ascertained or would not adequately compensate the plaintiff.[1] Clearly here, the amount is determinable and acts as just

---

1. *Randall v. Tracy Collins Trust Co.*, 6 Utah 2d 18, 305 P.2d 480 (1956).

compensation. In addition, courts should act reluctantly in going beyond the scope and nature of plaintiff's prayer. Plaintiff did not seek specific performance and it appears that such would be an inadequate remedy in this instance.[2]

Accordingly, the judgment, as to specific performance, is vacated and the matter remanded to the district court with direction to enter judgment in plaintiff's favor for $3,535.18.

---

2. As a basis for defendant's withdrawal of its appeal herein, it alleged that it had been dissolved by operation of law on Dec. 31, 1980.